IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, *ex. rel.*, ) <br> HECTOR HERNANDEZ ) <br>     Petitioner, ) <br> ) <br> v. ) <br> ) <br> DEIRDRE BATTAGLIA, Warden, Stateville ) <br> Correctional Center, ) <br> ) <br>     Respondent. ) <br> ) | No. 05 C 3358 <br> Paul E. Plunkett, Senior Judge |

### MEMORANDUM OPINION AND ORDER

Hector Hernandez ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § ("section") 2254 challenging his state criminal conviction. Pursuant to U.S.C. § 2244(d)(1)(A), Warden Battaglia ("Respondent") moves to dismiss the petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). For the reasons set forth below, the motion to dismiss is granted and this case is dismissed with prejudice.

### Background

On September 27, 1997, Hector Hernandez was found guilty of three counts of first-degree murder. He was sentenced to a prison term of natural life and is currently incarcerated at the Stateville Correctional Center in Joliet, Illinois. Hernandez's conviction was affirmed by the Illinois Appellate Court on May 25, 2000. On October 4, 2000, the Illinois Supreme Court denied Hernandez's petition for leave to appeal ("PLA"). Then, on February 19, 2001, Hernandez filed a post-conviction petition in the Circuit Court of Cook County. This petition was dismissed on May

18, 2001, and Hernandez appealed. On December 17, 2003, the Illinois appellate court affirmed the May 2001 dismissal. On January 26, 2004, the Illinois appellate court denied Hernandez's petition for rehearing. On May 26, 2004, Hernandez was denied a PLA in the Illinois Supreme Court. Hernandez's motion to reconsider this decision was denied on June 18, 2004. Hernandez never filed petition for writ of certiorari in the United States Supreme Court seeking review of that decision.

State court remedies exhausted, on June 2, 2005, Hernandez filed a petition for writ of habeas corpus in this Court. In that petition, Hernandez claims that the trial court erred when it: (1) denied him a continuance before trial in order that he might gather evidence to present a defense; and (2) gave incorrect instructions to the jury regarding eye witness identification.

Respondent asks us to dismiss the habeas petition because it is untimely. Petitioner does not deny that his habeas petition was untimely under 28 U.S.C. § 2244(d)(1). Petitioner does assert, however, that he missed the date by only a short period and that the doctrine of equitable tolling should excuse the delay.

## Discussion

Section 2244(d)(1) allows a state prisoner one year to file a habeas corpus petition seeking relief from a state criminal conviction. The one year limitation begins to run from the latter of the following dates:

> "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244 (d)

Section 2244 also states that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* Petitioner acknowledges the time restraints under 28 U.S.C. § 2244(d) and admits that his petition was filed late. Petitioner contends, however, that under his particular circumstances the doctrine of equitable tolling should be applied and his petition for writ of habeas corpus should be considered on its merits.

Petitioner states he attempted to comply with the filing requirements but was late in his filing because he was unable to obtain access to critical documents and urges the Court to find that such difficulties excuse his delay. The difficulties include: (1) petitioner, as pro se, was unfamiliar with filing requirements and court procedures; (2) petitioner was delayed in gaining access to his documents and the law library; (3) petitioner made an effort to ensure that he was petitioning only exhausted claims; (4) external forces are to blame for the late filing. Hernandez explains that the delay was only twenty-seven days which would not prejudice the Respondent. Hernandez believes that these factors place him into the very narrow exception carved out by the equitable tolling doctrine.

The question before the Court, then, is whether the situation Petitioner faced, viewed in the light most favorable to him, merits equitable tolling. Equitable tolling excuses untimely filing if a

3

plaintiff was unable, "despite the exercise of reasonable diligence," to gather the information he needed to file a timely action. *Taliani v. Chrans*, 189 F.3d 597 (7th Cir. 1999). Equitable tolling excuses an untimely filing only when "extraordinary circumstances far beyond the litigant's control ... prevented timely filing." *Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). The Seventh Circuit tells us that equitable tolling is rarely applicable and has not been applied in cases involving prisoners' inability to gain access to trial transcripts, *Lloyd v. VanNatta*, 296 F.3d 480, 483-84 (7th Cir. 2004); attorney neglect or malpractice, *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003); unclear law, *Montenegro v. U.S.*, 248 F.3d 585, 594 (7th Cir. 2001), *overruled on other grounds*; or prisoners who lacked sufficient legal knowledge. *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003). In each of these situations, the Seventh Circuit has determined that "the kind of extraordinary circumstances that justify equitable tolling" is not present. Rather, the equitable tolling doctrine is reserved "only for those situations in which the claimant has made a good faith error (e.g., brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time." *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984). Furthermore, courts are reluctant to apply the judge-made doctrine of equitable tolling because the statute itself is so clear on what would constitute justifiable tolling. *Wilson v. Battles*, 302 F. 3d. 745, 748 (7th Cir. 2002). The length of the delay is irrelevant; "equitable tolling will apply only to exceptional cases, regardless of how minimal the delay in filing." *Id.* (referring to the refusal to grant equitable tolling when petitioner's claim was filed one day late in *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). These decisions place an nearly herculean burden on the Petition. Not surprisingly, he has failed to carry it.

4

Here, Hernandez claims he needed his PLA to the Illinois Supreme Court in order to complete his habeas petition. Hernandez was unable to locate the document which was normally kept in his personal legal box or in his legal box housed at the Stateville law library. When unable to locate the document, Hernandez requested a copy of the PLA on May 9, 2005, from the Clerk of the Illinois Supreme Court and received the copy on May 16, 2005. He claims his filing delay stemmed from his inability to immediately access his materials held in the legal library and because he was forced to wait for a copy of the PLA from the Clerk of the Illinois Supreme Court, and therefore, his late filing should be excused.

We disagree. Just as the Seventh Circuit has determined that the equitable tolling doctrine is inapplicable where a prisoner lacked access to trial transcripts or possessed inadequate legal knowledge; where attorney neglect was present; or even where the law was unclear, we are unable to find that Hernandez's circumstances in the instant matter are more compelling. Hernandez did not file timely in an improper court, nor has he met the extraordinary requirements called for by the equitable tolling doctrine. Petitioner had an entire year to file his writ of habeas corpus petition and claims that he was delayed thirty days from entering the legal library and seven days to receive the copy of the PLA. However, as stated, the length of delay, however minimal, is irrelevant in considering the equitable tolling doctrine. Furthermore, Petitioner's effort to ensure that he was petitioning only exhausted claims and Respondent's failure to articulate the prejudicial effect of the late filing are not factors that are considered when determining whether to apply the equitable tolling doctrine. Furthermore, Petitioner has not pointed to any external forces that caused his late filing that would merit application of the tolling doctrine. Had Hernandez begun the process slightly earlier, he would have been able to contend with the delays he faced. Though we liberally construe

pro se pleadings, we believe, Hernandez has not presented the extraordinary circumstances which our appellate court requires to excuse his untimely filing of his habeas petition.

## Conclusion

For the reasons set forth above, Respondent's motion to dismiss is granted and this case is dismissed with prejudice.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** OCT 3 2005